UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 94-8059-CR-RYSKAMP/HOPKINS

UNITED STATES OF AMERICA,

v.

CLARENCE O'NEAL,

     Defendant.

_____/

## REPORT AND RECOMMENDATION

Defendant, CLARENCE O'NEAL, appeared before the Court on January 14, 2015, represented by counsel, for a final hearing on the Government's petition to modify Defendant's supervised release (DE 238). Defendant was originally convicted of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. On February 20, 1998, Defendant was sentenced to 293 months in prison, followed by 5 years supervised release. Defendant's term of supervised release began on September 4, 2014.

On November 13, 2014, the Government petitioned the Court to modify the conditions of Defendant's supervised release, as follows: "the defendant shall participate in an approved inpatient/outpatient mental health treatment program. The defendant will contribute to the costs of services rendered (co-payment) based on ability to pay or availability of third party payment." (DE 238). Defendant objects to this modification of his supervised release.

## FINAL HEARING

At the final hearing, the Government proffered two witnesses and Defendant's psychiatric records. While incarcerated, Defendant was diagnosed with Paranoid Schizophrenia and prescribed antipsychotic medications. Treatment records reflect that

Defendant experienced various periods of deterioration, during which he engaged in self-mutilation and attempted suicide.  Defendant also experienced periods of stability where no treatment was recommended.

U.S. Probation Officer, Scott T. Kirsche, testified that soon after Defendant began supervised release, Defendant was involved in an incident at his mother's house and authorities were called.  On September 10, 2014, Defendant was transported to the Jerome Golden Center for an involuntary mental health examination under the "Baker Act." Defendant was retained by the Jerome Golden Center for involuntary inpatient treatment for two weeks, and released on September 25, 2014.  Subsequently, Officer Kirsche met with Defendant to discuss the incident and Defendant's hospitalization.  Defendant did not provide a clear explanation of the circumstances leading up to his involuntary examination; and he refused to provide any information regarding his diagnosis or recommendations at discharge. Defendant also refused to sign a release of information so that Officer Kirsche could obtain records from the Jerome Golden Center.  Officer Kirsche testified that this information is necessary to determine whether Defendant is a danger to himself or the community.  It is also necessary to determine whether Defendant was prescribed any controlled substances that should be considered during Defendant's drug testing, which is required under his conditions of supervisory release.

U.S. Probation Officer, Heath Schur, a Mental Health Specialist, also testified at the Final Hearing.  On October 10, 2014, Officer Schur met with Defendant and conducted a brief mental health evaluation.  During the evaluation, Defendant exhibited signs of paranoia. Officer Schur testified that a mental health evaluation would be helpful to determine whether Defendant is a risk to others or at risk of psychological deterioration.

Counsel for Defendant argued that Defendant should not be subject to a mental health evaluation and mental health treatment because he has been compliant with the terms of his supervisory release.  Further, Counsel argued that a mental health evaluation that probes Defendant's beliefs, where Defendant is not taking any unlawful action, would offend Defendant's dignity and privacy.

DISCUSSION

A district court may, after considering the factors set forth in Section 3553, "modify . . . the conditions of supervised release, at any time prior to the expiration or termination of the term of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation and the provisions applicable to the initial setting of the terms and conditions of post-release supervision." 18. U.S.C. § 3583 (e)(2). Such factors that the Court shall consider include: the history and characteristics of the defendant, the need for the sentence imposed to provide the defendant with the needed medical care, and the need for the sentence imposed to provide the adequate deterrence to criminal conduct.  18 U.S.C. § 3583 (a)(1), (a)(2)(B), (a)(2)(D).

The Court may require the defendant to undergo psychiatric or psychological treatment, to the extent that such deprivations of liberty are reasonably necessary.  18 U.S.C. § 3563 (b)(9);  see also U.S. v. Heath, 419 F.3d 1312, 1316 n.2 (11th Cir. 2005) ("The district court has the statutory authority to require [the defendant] to participate in a mental health program as a condition of his [supervised] release.").

After considering Defendant's previous treatment for Paranoid Schizophrenia, his recent involuntary examination and treatment under the "Baker Act," and the testimony of

3

Officer Kirsche and Officer Schur, the Court finds that Defendant is at a risk for psychological deterioration.

## RECOMMENDATION

Based on the foregoing, the Court RECOMMENDS that the District Court grant in part and deny in part, the Government's petition to modify Defendant's supervised release (DE 238); and modify Defendant's conditions of supervisory release to include the following condition: Defendant shall participate in a mental health evaluation, including any recommendations for inpatient or outpatient treatment. Defendant may make a request to the Government as to the provider of the mental health evaluation, and the Government will make an effort to facilitate Defendant's request. After the evaluation is completed, the Court shall review the results of the mental health evaluation and may impose additional conditions, if any, such as inpatient or outpatient mental health treatment. In addition, the Court strongly urges Defendant to provide to his probation officer, an executed release for his Jerome Golden Center records, so that a complete and accurate mental health evaluation can be performed. The Court further recommends that Defendant not be required to contribute to the costs of the mental health evaluation. All other conditions of supervised release shall remain in effect.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with Senior U.S. District Judge Kenneth L. Ryskamp, within 14 days after being served with a copy. See 28 U.S.C. § 636(b)(1)(C). Failure to file timely objections may limit the scope of appellate review of factual findings contained herein. See U.S. v. Warren, 687 F.2d 347, 348 (11th Cir. 1982) cert. denied, 460 U.S. 1087 (1983).

DONE and SUBMITTED in Chambers at West Palm Beach in the Southern District of Florida, this ___16th___ day of January, 2015.


DAVE LEE BRANNON
U.S. MAGISTRATE JUDGE